FILED
AUG 30 2022
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISION

| | |
|---|---|
| KIN WAH KUNG<br><br>Plaintiff,<br><br>vs.<br><br>DEMOCRATIC NATIONAL COMMITTEE, OHIO DEMOCRATIC PARTY, BIDEN FOR PRESIDENT, INC. TIM RYAN FOR OHIO, INC., TIMOTHY JOHN RYAN, DOES 1 THROUGH 100,<br><br>Defendants. | Case Number: 4:22 CV 1532<br><br>VERIFIED COMPLAINT FOR DAMAGES, DECLARATORY AND INJUNCTIVE RELIEFS<br><br>**JUDGE PEARSON**<br><br>**MAG. JUDGE HENDERSON** |

A.P.R. 8/30/2022 Paid $402.00 Receipt # 14660140607

## COMPLAINT

Plaintiff Kin Wah Kung ("Plaintiff") brings this complaint against Defendants Democratic National Committee, Ohio Democratic Party, Biden for President, Inc., Tim Ryan for Ohio, Inc., Timothy John Ryan, Does 1 through 100, and alleges as follows:

### JURISDICTION AND VENUE

1. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331.

2. Venue in the Northern District of Ohio is proper pursuant to 28 U.S.C. §§ 1391(b)(2) and (3).

### INTRADISTRICT ASSIGNMENT

3. The events giving rise to the Plaintiff's causes of action occurred in the County of Alameda, California.

1

## PARTIES

4. Plaintiff is an individual, who, at all relevant times during the events alleged herein, resided in the City of Fremont, County of Alameda, California.

5. Democratic National Committee ("DNC") is a national committee registered with the Federal Election Commission as DNC Services Corp./Democratic National Committee, defined by and used in 52 U.S.C. § 30101, dedicated to electing local, state, national candidates- including presidential candidates - of the Democratic Party to public office, with its principal office located at Washington, District of Columbia.

6. Ohio Democratic Party ("ODP") is a state committee registered with the Federal Election Commission, defined by and used in 52 U.S.C. § 30101, dedicated to electing local, state, national candidates- including presidential candidates - of the Democratic Party to public office, with its principal office located at the City of Columbus, Franklin County, Ohio.

7. Biden for President, Inc. ("Biden's Campaign") is a principal campaign committee registered with the Federal Election Commission, defined by and used in 52 U.S.C. § 30101, dedicated for Joseph Robinette Biden Jr. as the Democratic Party candidate to the President of the United States, with its principal office located at the City of Philadelphia, Pennsylvania.

8. Tim Ryan for Ohio, Inc. ("Ryan's Campaign") is a principal campaign committee registered with the Federal Election Commission, defined by and used in 52 U.S.C. § 30101, dedicated for Timothy John Ryan as the Democratic Party candidate to the United States Senator for Ohio, with its principal office located at the City of Nile, Trumbull County, Ohio.

9. Timothy John Ryan ("Ryan") is an individual, who, at all relevant times during the events alleged herein, resided in the Howland Township, Trumbull County, Ohio. Ryan is currently a member of the United States House of Representative for the 13th Congressional District of Ohio. Ryan is sued in his individual capacity, <u>unrelated to his official capacity</u>.

10. Plaintiff is not aware of the true names and capacities of the defendants sued as Does 1 through 100, inclusive, and therefore sues these defendants by such fictitious names.

Each of these fictitiously named defendants is responsible in some manner for the activities alleged in this Complaint. Plaintiff will amend this Complaint to add the true names of the fictitiously named defendants once they are discovered.

## FACTUAL ALLEGATIONS

11. The Congress enacted the Telephone Consumer Protection Act, as amended ("TCPA") to restrict telephone solicitations and the use of automatic telephone dialing system ("ATDS".

12. Plaintiff is the sole user of his cellular phone number 415-637-8146 since the inception of his cellular service in 2001.

13. Beginning 2020, Plaintiff started receiving text messages that are political in nature.

14. Specifically, on or about September 8, 2020, Plaintiff received a text message related to the Presidential Campaign of Joseph Robinette Biden Jr., with the essence of the message was to seek Plaintiff's support in Ohio[1].

15. Again, on or about October 21, 2020, Plaintiff received another text message related to Biden's Presidential Campaign for the same purpose as the previous one[2].

16. Plaintiff was puzzled about the receipt of the text messages. Specifically 1) Plaintiff has no contact in any kind with Ohio; 2) Plaintiff is a California resident and a registered voter of the State; 3) Plaintiff has never consented about receiving text messages related to Biden's Presidential Campaign.

17. Therefore, each time, Plaintiff responded the text messages, asking not to be sent with this kind of messages. Each time, Plaintiff was promised that he would not receive any further messages.

---

[1] The text message was sent from (380) 205-9740

[2] The text message was sent from (614) 820-8707

3

18. Yet, on or about March 14, 2022, Plaintiff received a text message related to Senate Campaign of Timothy John Ryan, seeking Plaintiff's support[3].

19. On or about April 20, 2022, Plaintiff received another text message related to Ryan's Senate Campaign, with the same purpose of previous message[4]. The actual message received has been attached as Exhibit 1.

20. On or about May 16, 2022, Plaintiff received another text message related to Senate Campaign of Timothy John Ryan, with the same purpose of previous message[5]. The actual message received has been attached as Exhibit 2.

21. In these times, Plaintiff had no choice but to ignore the message.

22. Upon information and belief, Plaintiff's phone number was erroneously associated with a Sean Patrick Cahill, an Ohio resident. Plaintiff believes this erroneous association caused Plaintiff's receipt of these text messages which were unrelated to Plaintiff.

23. The intervention of this Court is required to resolve these claims.

## CAUSE OF ACTION

### I. TELEPHONE CONSUMER PROTECTION ACT - 47 U.S.C. § 227
### (Against All Defendants)

24. Plaintiff realleges, adopts, and incorporates by reference paragraphs 1 through 23 above as though fully set forth herein.

25. Upon information and belief, the political nature of text messages demonstrated that DNC, ODP, Biden's Campaign, Ryan's Campaign, Ryan, and Does 1-100 were involved at least in some degrees related to the transmission of the text messages at issue to Plaintiff.

26. Furthermore, the generic nature of Defendants' text messages, combined with the

---

[3] The text message was sent from (330) 448-5048. The sender was self-identified as Ryan.

[4] The text message was sent from (330) 236-8990. The sender was self-identified as Ryan.

[5] The text message was sent from (330) 457-6971. The sender was self-identified as Ryan.

number of messages sent by Defendants, demonstrated that Defendants utilize an ATDS in transmitting the messages.

27. Specifically, upon information and belief, Defendants utilize a combination of hardware and software systems to send the text messages at issue. The systems utilized by Defendants have the capacity to capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, en masse, in an automated fashion without human intervention.

28. Defendants violated the TCPA by sending unsolicited text messages to Plaintiff their cellular phones without first obtaining their prior express consent and using equipment which constitutes an ATDS for the express purpose of marketing Defendant's goods and/or services.

29. In addition, Defendants' conducts were willful. Specifically, there is no reasonable expectation that, given the political nature of text messages, a recipient who is never within Defendants' geopolitical influence would consent to receive such message, while the recipient's phone number in question appears to associate outside Defendants' geopolitical influence.

30. Defendant's text messages caused Plaintiff actual harm including, but not limited to, invasion of his personal privacy, aggravation, nuisance and disruption in his daily lives, reduction in cellular telephone battery life, data loss, and loss of use of his cellular telephones.

31. As a result of the aforementioned violations of the TCPA, Plaintiff is entitled to actual damages or an award of $500.00 in statutory damages for each call in negligent violation of the TCPA, or up to $1,500 in statutory damages for each call in willful violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(B).

32. Additionally, Plaintiff is entitled to and seek injunctive relief prohibiting such future conduct.

## RESERVATION OF ADDITIONAL CAUSES

32. Plaintiff reserves his right to assert additional causes of action in the event that they would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court grant the following relief:

1. A judicial declaration that Defendants have violated TCPA; and/or,
2. Preliminarily and/or permanently enjoin Defendants from send any further text message to Plaintiff; and/or,
3. On First Cause of Action (TCPA):
   a. i. Actual damages as determined by this Court; or
      ii. Statutory damages as determined by this Court; and
   b. Treble damages as determined by this Court.
4. For costs of this suit incurred herein.
5. For other such further reliefs as this Court may deem just and proper.

DATED: August 22, 2022                    Respectfully submitted,

/s/ Kin Wah Kung
KIN WAH KUNG
4411 Elaiso Common
Fremont, CA 94536-5626
Phone: 415-637-8146

*Plaintiff In Pro Per*

6